# Wall's Appeal.

1. Where a judgment is held as security by the guarantor of another judgment, credits on account of the judgment of the principal debtor are credits *pro tanto* upon the judgment of the guarantor.

2. S. gave to R. three judgment notes; P. guarantied these notes, and to indemnify P., S. gave to him a judgment note for the aggregate amount of the notes given to R. S. also gave to W. another judgment note. All these notes were for a valuable consideration and were entered upon record on the same day. Two of the notes to R. were paid by S., who afterwards became insolvent, and upon a sale of his real estate the court below held that the judgment of P. was entitled to participate in the distribution of the proceeds, and paid the remaining judgment of R. in full. *Held*, that this was erroneous, and that the distribution should have been made *pro rata* between the judgments of R. and W.

March 12th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD, and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Wyoming county:* Of January Term, 1875, No. 107.

This appeal was from the decree of the court confirming the report of the auditor appointed to distribute the proceeds of the sheriff's sale of the real estate of Cyrus Stark.

On the 29th of March 1872, Stark bought of Reed the stock and fixtures of a hotel and gave him therefor three judgment notes, amounting to $4250. Piatt guarantied the payment of these notes, and to indemnify himself, took from Stark a judgment note for $4250, and at the same time agreed in writing that when the Stark notes to Reed were paid, the judgment to Piatt should be cancelled upon the payment of the costs by Stark.

Upon the same day that Stark gave the notes to Reed he gave to Wall a judgment note for .$3600, to secure the payment of the rent of the hotel for three years. All these judgments were entered of record upon the same day. Subsequently the real estate of Stark was sold under a prior judgment and the balance of the proceeds, $1456.16, was the fund for distribution in this case. All the other real and personal estate of Stark had been previously sold and he was insolvent. Out of the proceeds of the sale of Stark's personal property, two of the notes to Reed had been paid, leaving a third of $945.97, which had been assigned to Bunnell & Co., and the Wall judgment had been reduced by payments to $2111.30.

Before the auditor appointed to distribute the fund it was claimed on behalf of the Piatt judgment that it was entitled to a *pro rata* distribution upon the whole amount of the judgment, $4250, and the auditor held that said judgment was a valid subsisting lien for its whole amount, to be released only by the payment by Stark of the whole of the three notes guarantied by Piatt, but as the Piatt judgment was given and held only for the purpose of indemnity, and as the *pro rata* dividend to it; with the dividend applicable to

the judgment assigned to Bunnell & Co., would, taken together, more than satisfy the unpaid balance on the latter judgment and the costs on the Piatt judgment, the auditor, therefore, distributed the fund first, to the full satisfaction of the Bunnell & Co. judgment, second, to the payment of the costs on the Piatt judgment, and the balance to the judgment of Wall.

To this report. Wall excepted, on the ground that no part of the fund should have been awarded to the Piatt judgment, and if any was awarded it should have only been a *pro rata* share upon the $945.97, due on the notes guarantied by Piatt.

The court overruled the exceptions and confirmed the report, and from this decree this appeal was taken.

*F. C. & R. P. Ross,* for appellant.—Piatt's judgment was to indemnify him on his guarantee, and not having been damnified thereby what right has he to any portion of said fund against another judgment entered the same day ? Admitting Stark's insolvency Piatt is still only liable for the unpaid balance, and more than a *pro rata* share thereof would be unjust to other creditors. His liability was reduced by the payments by Stark and a *pro rata* reduction should be made in the amount awarded him : Smith's Appeal, 24 P. F. Smith 191.

*John A. Sittser* and *James W. Piatt,* for appellee.—A judgment given to indemnify a surety is entitled to be paid out of the proceeds of a sale of the lands of the principal, though. the surety has not been damnified : Harrisburg Bank *v.* Douglass, 4 Watts 95 ; Miller *v.* Howry, 3 P. & W. 374.

The auditor could not inquire into the validity of the judgment : Dyott's Estate 2 W. & S. 557 ; Lewis *v.* Rogers, 4 Harris 18 ; Leeds *v.* Bender, 6 W. & S. 315.

Mr. Justice WOODWARD delivered the opinion of the court, May 7th 1877.

Mr. Piatt's claim to control the fund for distribution by the auditor rested exclusively on the lien of his judgment against Stark. His rights stood on no higher ground than those of Wall and of Bunnell & Co., the assignees of Reed, the other judgment creditors. Reed's judgments were founded on notes amounting to $4250, which Mr. Piatt had guarantied. To secure him for this guaranty Stark executed to him a judgment note for the same amount. The cotemporaneous agreement explanatory of the transaction which Mr. Piatt signed, contained this provision : " If said Stark pays said notes, then the judgment of $4250 is to be cancelled by said Stark paying the costs." Judgments were entered on the three notes to Reed, on the note to Piatt, and on a note to Wall for $3600, on the 29th of March 1872. When the distribution was made, the amount due to Reed's assignees was $945.97, and the amount due

[Wall's Appeal.]

to Wall was $2111.30.    The balance of the fund after satisfying
prior liens, was $1455.16.  Of this balance the auditor appropriated
$945.97 to the payment of·the sum remaining due to Bunnell & Co,
assignees of Reed; $4.25 to the costs of the Piatt judgment; and
$505.94 to the judgment of Wall.

By express stipulation, the note to Piatt was given to protect
him against the identical debt represented by the three notes which
Stark had executed in favor of Reed.    Confessedly, payment in full
of the principal debt would have worked the satisfaction of the
cumulative security.  Credits on account of the one, therefore, were
necessarily credits *pro tanto* on account of the other.    There was
due to Bunnell & Co., as assignees of Reed, the sum of $945.97 at
the date of the sheriff's sale.    For that sum only was Mr. Piatt
then liable as guarantor.    If the fund had been such as to permit
the legitimate appropriation of the balance due them to Bunnell &
Co., the whole original indebtedness would have been satisfied,
with the effect of extinguishing at once the ancillary and the prin-
cipal judgments.    The parties stood, then, as if the $1456.16 for
distribution had been claimed by one creditor under a judgment for
$945.97, and by another creditor under a judgment for $2111.30,
with liens of a common and equal date.    And so standing, their
rights obviously consisted in a *pro rata* appropriation of the fund.

While the views of the auditor were not fully developed, his
decision was apparently controlled by the principle settled in a class
of cases extending from Morris *v.* Olwine, 10 Harris 441, to Bair
and Shenk's Appeal, 1 Norris 113.    In each one of these
cases, however, the question decided involved the rights of creditors
under a voluntary assignment; and in each case it was held that
the assignment created a right of property and not a lien.    Thus
it was said in Miller's Appeal, 11 Casey 481, that " a creditor is
entitled to a dividend under an assignment, not, merely as a cred-
itor, but as an equitable owner of the assigned estate ; and the
extent of the ownership is fixed by the amount of the claim when
the assignment was made."    It is manifest that no element is
embraced in the present case to warrant the application of the prin-
ciple of Morris *v.* Olwine and Miller's Appeal in its determination.
On the contrary, it is within the rule of Smith's Appeal, 24 P. F.
Smith 191.    There one Herr had sold to Smith four bonds of
Gerth and guarantied their payment.    Herr made an assignment
for the benefit of his creditors.    Smith received the amount of one
bond by a sale of Gerth's property.    It was held that he was enti-
tled to a dividend only on the three bonds unpaid.    " The satisfac-
tion of the judgment out of the proceeds of the sheriff's sale,"
Mr. Justice WILLIAMS said, in entering the judgment of this court,
" extinguished the obligor's liability for the whole debt for which
it was obtained; and it follows as a necessary corollary that the
assignor's liability on the contract of guaranty was also extin-

guished." The appellee here relies on his simple lien, and his case is not so strong as was that of the claimant in Smith's Appeal, who asserted the rights of an equitable owner under a voluntary assignment. It is indifferent that Mr. Piatt's demand was made under a single judgment. He held it to indemnify himself against liability on his guaranty of the three judgments Stark had confessed to Reed, and of these two had been fully paid. In adjusting the equities of parties litigant, the law has regard to substance and not to form.

> The decree of the Court of Common Pleas is reversed at the costs of the appellee; and thereupon it is ordered and adjudged that the sum of $1456.16, being the amount of the fund in controversy, be appropriated *pro rata* to the judgment of Thomas B. Wall, No. 335, April Term 1872, on which the sum of $2111.30 remains unpaid; to the costs, amounting to $4.25, of the judgment of William M. Piatt, No. 337 April Term 1872; and to the judgment of C. J. Reed, assigned to F. C. Bunnell & Co., No. 340, April Term 1872, on which the sum of $945.97 remains unpaid.